UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MEGAN ELLIOTT, in her personal capacity, MICHAEL B. SMITH, as personal representative of the Estate of TIM ELLIOTT, deceased,

          Plaintiffs,

  v.

MASON COUNTY, a political subdivision of the State of Washington, et al.,

          Defendants.

CASE NO. 17-6067 RJB

ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND DISMISSING STATE CLAIMS WITHOUT PREJUDICE

This matter comes before the Court on the January 28, 2019 order to show cause. The Court has considered the pleadings filed regarding the order to show cause and the file herein.

On December 22, 2017, Plaintiff Megan Elliott filed this case in connection with the shooting death of her father, Tim Elliott, by Defendant Mason County Sheriff's Department Sergeant Trevor Severance. Dkt. 1 and 23. The Amended Complaint asserts federal constitutional claims for violation of Mr. Elliott's Fourth Amendment right against unreasonable seizures and for violation of Ms. Elliott's Fourteenth Amendment due process right to the

ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND DISMISSING STATE CLAIMS WITHOUT PREJUDICE - 1

companionship of her parent.  Dkt. 23.  It also makes state law claims for negligence, gross negligence, battery, and outrage.  *Id.*  The Amended Complaint seeks damages, attorneys' fees, and costs.  *Id.*

All federal claims and the claims for battery and outrage have been dismissed.  Dkts. 53 and 61.  In the event all federal claims were dismissed, the Plaintiffs moved the Court for an order declining to exercise supplemental jurisdiction over the state law claims of negligence and gross negligence, in a footnote of the response to the motion for summary judgment.  In the January 28, 2019 Order, the Court ordered the parties to show cause, if any they had, why the Court should not decline to exercise supplemental jurisdiction and dismiss the negligence and gross negligence claims without prejudice.  Dkt. 61.  The Defendants' motion for summary judgment of the negligence and gross negligence claims (Dkt. 53) was renoted.  The parties responded to the order to show cause.  Dkts. 62 and 63.  The Plaintiffs argue that the Court should decline to exercise supplemental jurisdiction and the Defendants urge the Court to retain it.  *Id.*  The matter is ripe for decision.

## STATE LAW CLAIMS AND EXERCISE OF SUPPLEMENTAL JURISDICTION

Pursuant to 28 U.S.C. § 1367 (c), district courts may decline to exercise supplemental jurisdiction over a state law claims if:  (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367 (c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999,

1001 (9th Cir. 1997)(*internal citations omitted*).

Here, two of the four conditions in § 1367(c) are present. As above, all Plaintiffs' federal claims have been dismissed. Accordingly, this Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3). Moreover, the remaining state claims "raise novel or complex issues of state law" under § 1367(c)(1). In particular, the issues surrounding the Defendants' defense under RCW 4.24.420 raise novel and complex issues of state law. These are issues for which the state court is uniquely suited. Because state courts have a strong interest in enforcing their own laws, *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352 (1988), the value of comity is served by this Court declining jurisdiction. Further, the values of economy, convenience, and fairness may well be served by this Court's declining to exercise supplemental jurisdiction. *See Acri* at 1001.

Moreover, Washington's statute of limitations does not appear to be a problem under 28 U.S.C. 1367(d). *Artis v. District of Columbia,* 138 S.Ct. 594, 598 (2018)(holding that "§1367(d)'s instruction to toll a statute of limitations period means to hold it in abeyance, i.e. to stop the clock" on the relevant state statute of limitation).

This Court should decline to exercise supplemental jurisdiction and dismiss the state law claims of negligence and gross negligence without prejudice.

The Defendants' motion for summary judgment regarding the state law claims of negligence and gross negligence (Dkt. 53) and all remaining deadlines should be stricken.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 1st day of February, 2019.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND DISMISSING STATE CLAIMS WITHOUT PREJUDICE - 4